SNELL (RYBERG v.).    See Case No. 12,190.

---

## Case No. 13,140.

### In re SNELLING.

[19 N. B. R. 120.] [1]

District Court, D. Massachusetts.    Dec. 7, 1878.

BANKRUPTCY—COMPOSITION—SECURED CREDITOR—ASSENTING CREDITORS.

1. Where the creditors have full knowledge of all the facts, and the debtor, who is doubtful of obtaining his discharge, or who wishes to proceed at once with his business, as a fair compromise of possible litigation, induces his friends to pay more in composition than his estate could pay in bankruptcy, *held,* that the composition stands well before the court.

2. Where a creditor considers himself and is considered by the debtor to be fully secured, although in fact he is not, he is not to be counted as a creditor merely to defeat a composition to which the requisite number of creditors have assented.

In bankruptcy.

S. Hoar, for bankrupt.

G. H. Miller, for objecting creditors.

LOWELL, District Judge. The objections to the composition are founded upon a very large payment made by the bankrupt to his brother about three weeks before his first note was protested. It is urged that if all this money can be recovered, there will be a dividend larger than the offered composition. In support of the settlement, it is maintained that a considerable part of the alleged preference cannot under any circumstances be recovered by an assignee; because, as to one portion, the brother had a valid mortgage which he surrendered; and as to another portion, it consists of notes indorsed by the brother and paid to the banks as they came due in the ordinary course of business, without any arrangement or contrivance between the bankrupt and his brother, and that, whatever may have been the motive of the debtor, there is no circumstance upon which the

1 [Reprinted by permission.]

brother can be charged as a preferred creditor; and, lastly, that the whole matter of the supposed preference was fully understood by the creditors and acted upon by them, and in consideration thereof they required a larger offer than the apparent assets would warrant; that this demand was acceded to by the debtor and by his brother, who indorses his composition notes; and that by this guarantee the brother in fact restores to the creditors more than an assignee could recover of him; and whether so or not, the creditors have passed upon this as well as upon other questions, and their wishes should be respected.

The composition offered is plainly more than the debtor can pay from his own resources. I have seen an English case in which this fact was considered a sufficient proof of fraud. That case must have had in it some exceptional circumstances. In my opinion one of the advantages of the law of composition, and one which compensates to a certain extent some decided objections, is that a debtor who is doubtful of obtaining his discharge, or who wishes to proceed at once with his business, may induce his friends to pay more in composition than his estate could possibly pay in bankruptcy. When such a result has been reached with a full knowledge by the creditors of all the facts, and as a fair compromise of possible litigation, I agree with the debtor's counsel that the composition stands well before the court. I consider this to be a fair and even liberal offer, and that the resolutions on their merits should be recorded.

A preliminary point was argued and an opinion intimated upon it at the hearing. The unsecured creditors are twenty-four in number, and precisely two-thirds of this number, representing a very large excess of value, have signed the confirmation. The objecting creditors maintained that two secured creditors were not fully secured, and therefore should be counted for some amount to be hereafter ascertained; and, if counted at all, the number of signers is insufficient. It turned out that those two creditors consider themselves to be fully secured, and are so considered by the debtor, and that they are ready to file a renunciation of all claim beyond their security. Under these circumstances, I do not think that the objecting creditors should be at liberty to set up the jus tertii, if I may so express it.

Granting, as is granted by the objecting creditors, that there is no fraud in the matter, but only an honest difference of opinion concerning values, I do not see any propriety in counting one as a creditor who expressly disclaims that character. There is no justice in forcing a creditor upon the bankrupt against the will of both parties, merely to defeat a composition to which the requisite number of acknowledged creditors have assented. Resolutions to be recorded.